THE PEOPLE *v.* PADRÓ.

APPEAL from the District Court of Arecibo.

No. 94.—Decided February 5, 1906.

CRIMES AGAINST THE ELECTION LAW—INFORMATION.—An information charging the accused, as a judge of elections, with ''having refused to require persons desiring to vote to take the oath required by law to show their capacity to vote,'' without alleging that such persons were challenged and without stating their names, is not sufficient to charge the accused with a violation of section 261 of the Revised Statutes, or with any other crime.

The facts are stated in the opinion.
*Mr. Hernández López* for appellant.
*Mr. Rossy, fiscal,* for respondent.
MR. JUSTICE WOLF delivered the opinion of the court.

José Concepción Padró was tried and convicted in the District Court of Arecibo of an offense against the electoral laws and was sentenced to the penitentiary for a year and six months, at hard labor, and the payment of costs. The defendant appealed to this court. The information reads thus:

''In the name and by the authority of The People of Porto Rico. United States of America. The President of the United States, *ss:*

*The People of Porto Rico* v. *José Concepción Padró. Fiscal's office,* No. 513, *bis.* In the District Court of Arecibo, of the year one thousand nine hundred and five. The undersigned special porsecuting attorney appears before the aforesaid court and in proper form respectfully states: That he presents an information against José Concepción Padró for the crime of felony, committed as follows: About the 8th day of November, 1904, José Concepción Padró, then a judge of election at precinct No. 11 of Ciales, together with Judge Pavón,. constituting the majority, failed to require, and a second time refused to require, persons who presented themselves to vote, to take the oath prescribed by law for the purpose of proving their capacity to vote, notwithstanding their (said judges) having been notified on several occasions during the day by Francisco Colón that such oaths should be requested. This act was committed with the malicious purpose of allowing certain persons to vote who by law had no right to do so, and not making such persons cast their votes under the responsibility of their oaths as prescribed by law in such cases. This act is contrary to the law provided in such cases, and against the peace and dignity of The People of Porto Rico.—E. B. Wilcox, special prosecuting attorney.''

A motion to dismiss the information appears in the record, but nothing appears to show that any disposition was made of it.

There is nothing in the election law which requires a voter to take an oath before voting unless he is challenged. Hence on the face of the information we do not see what law the defendant violated in refusing to make persons presenting themselves to vote take an oath. It is suggested, however,. that the information recites a violation of section 261 of the Revised Statutes. That section relates to cases in which a proposed voter is challenged by one of the challengers. In the information there is no statement that any person was challenged, to say nothing of who the persons were or the ground on which they were challenged. It is not enough to, charge that a judge of election permitted people to vote without taking an oath. The defendant is entitled to know the specific offense with which he is charged, and the information. is fatally defective in this regard.

For these reasons the judgment of the District Court of Arecibo must be reversed.

*Reversed.*

·Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.